UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INTERNATIONAL SHIP REPAIR
AND MARINE SERVICES, INC.,

    Plaintiff,

v.                                                         Case No: 8:19-cv-2363-36AAS

BARGE B. 285,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

The Barge B. 285 moves to dismiss International Ship Repair and Marine Services, Inc.'s (International) complaint under Federal Rule 12(b)(6) and for an order to show cause why the arrest should not be vacated under Local Rule 7.03(g). (Doc. 16). International opposes the motion. (Doc. 18).

The court granted Barge B. 285's request for a hearing on whether the arrest should be vacated and took under advisement Barge B. 285's motion to dismiss. (Doc. 20). Subsequently, Barge B. 285's counsel withdrew from representation. (Docs. 21, 22). The court advised Barge B. 285 it cannot represent itself and must obtain counsel by May 21, 2020. (*See* Docs. 22, 24). Barge B. 285 failed to obtain counsel. Because Barge B. 285 remains unrepresented, the court cannot proceed with the show cause hearing. Upon consideration of Barge B. 285's motion to dismiss and International's response (Docs. 16, 18) and for the reasons explained below, the undersigned recommends Barge B. 285's motion to dismiss be **DENIED**.

1

I.  **BACKGROUND**

International arrested Barge B. 285 in the Middle District of Florida due to a dispute involving unpaid necessaries, Case. No. 8:19-cv-00602 (the underlying action). International and the operator of Barge B. 285, Bouchard Transportation Company, Inc. (Bouchard), entered into a Settlement Agreement and Mutual Release resolving the underlying action (the settlement agreement). (Doc. 16, Ex. A).

International filed this *in rem* against Barge B. 285, to enforce a maritime lien and requested issuance of a warrant of arrest to enforce the lien. (Doc. 1). In its verified complaint, International alleged it provided berthing and other services to Barge B. 285, and monies were due under the settlement agreement. (*Id.*, ¶¶ 5, 7, 9). The court granted International's motion for issuance of a warrant of arrest in rem. (Doc. 9). Barge B. 285 now moves to dismiss International's complaint and asks the court to vacate the arrest.[1] (Doc. 16).

II.  **ANALYSIS**

Barge B. 285 argues the court should dismiss this action because International failed to attach the settlement agreement to its verified complaint and failed to allege it complied with certain provisions of the settlement agreement. (Doc. 16). International responds that it properly alleged a cause of action to enforce a maritime lien and failure to attach the settlement agreement is not grounds for dismissal. (Doc.

---

[1] International has since moved for an order of sale, for summary judgment, and for default judgment, which are pending before the District Judge. (Docs. 26, 27, 30).

18). International also asserts that the verified complaint adequately alleges conditions precedent were met. (*Id.*).

    A.  **Failure to Attach Settlement Agreement**

Barge B. 285's contention that failing to attach the settlement agreement to the complaint requires dismissal lacks merit. No federal rule requires International to attach the settlement agreement to the complaint. *See Thomas v. Winnebago Indus., Inc.*, No. 8:16-cv-177-T-23TGW, 2016 WL 3476868, at *2 (M.D. Fla. June 27, 2016); *see also AGSC Marine Ins. Co. v. Spectrum Underground, Inc.*, No. 8:12-cv-474-T-30TGW, 2012 WL 2087441, at *2 (M.D. Fla. June 8, 2012) ("Although [a] failure [to attach a written contract] would result in a dismissal, without prejudice, of [a] breach of contract claim under Florida law ... the *Federal* Rules of Civil Procedure, which apply to this case, do not have an analogous requirement.") (emphasis in original). Instead, under Rule 8(a)(2), Federal Rules of Civil Procedure, the complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."

International brought this action to enforce a maritime lien. (Doc. 1). To establish a maritime lien on a vessel under 46 U.S.C. § 31342 in an in rem action, a plaintiff must prove: (1) it provided "necessaries" (2) at a reasonable price (3) to the vessel (4) at the direction of the vessel's owner or agent. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1249 (11th Cir. 2005). International's verified complaint contains these allegations. (*See* Doc. 1, ¶¶ 5-8). Because the allegations in the complaint "are accepted as true" when ruling on a motion to dismiss, *Key v.*

*Lundy*, 563 Fed. Appx. 758, 759 (11th Cir. 2014) (per curiam), International's verified complaint sufficiently states a claim for a maritime lien.[2] Thus, Barge B. 285's argument lacks merit.

B.   **Conditions Precedent**

Barge B. 285 argues International's verified complaint must be dismissed because International failed to allege it complied with the terms in the settlement agreement. Specifically, the settlement agreement required Barge B. 285 to pay International for dockage "within 3 business days of presentation of an invoice." (Doc. 16-1). Barge B. 285 argues that because International did not allege it "presented" the invoices to Barge B. 285 or that three days had elapsed, the complaint should be dismissed.

The verified complaint alleges that International "duly" demanded payment of the docking charges. (Doc. 1, ¶ 9). The complaint also alleges that International "invoiced Bouchard for the dockage due" and the sums were "due and owing." (*Id.*, ¶¶ 6, 9). Thus, International adequately alleges it complied with any contractual provisions required as a condition precedent to brining this cause of action against Barge B. 285. *See Travelers Cas. v. Schillinger & Coleman, P.A.*, No. 6-13-cv-1075-ORL-36GJK, 2014 WL 12616952, at *4 (M.D. Fla. Mar. 3, 2014) ("Rule 9(c) of the Federal Rules of Civil Procedure states that a party may plead conditions precedent generally. However, Rule 9(c) does not itself require a party to include an allegation that any condition precedent has been met, waived, or otherwise excused.") (citations

---

[2] The settlement agreement is now part of the record. (Doc. 19).

4

omitted). International's verified complaint sufficiently states a claim for a maritime lien. Thus, Barge B. 285's argument for dismissal lacks merit.

## III. CONCLUSION

International has stated a valid claim for a maritime lien. Thus, the undersigned **RECOMMENDS** Barge B. 285's motion to dismiss (Doc. 16) should be **DENIED**.

**ENTERED** in Tampa, Florida on June 23, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

5

cc:

Morton Bouchard, III
President & CEO
Bouchard Transport Co., Inc.
58 South Service Road, Suite 150
Melville, NY 11747